**MARYLAND ESTATES HOMEOWNERS' ASSOCIATION, Plaintiff/Respondent,**

v.

**Karen PUCKETT and Chris Schallert, Defendants/Appellants.**

**No. 70105.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 17, 1996.

of the house where he resides or on the street in front of the house. The plat establishing the subdivision provides that the "streets are dedicated to the City of Maryland Heights for public use forever." The Indenture of Trust and Restrictions preclude the regular parking of trucks or commercial vehicles in streets, yards or driveways in the subdivision. "Trucks" do not include pickup trucks of ½ ton or less.

The Association brought this action to enjoin Puckett and Schallert from parking Schallert's truck in the residence driveway and on the street in front of the residence. Defendants concede that the truck cannot be parked in the driveway. Their only contention on appeal is that because the streets have been dedicated to the public, the Association has lost the power to control their use. They rely upon *City of Camdenton v. Sho—Me Power Corp.*, 361 Mo. 790, 237 S.W.2d 94 (1951) for the proposition that a dedicator cannot attach conditions or limitations inconsistent with the legal character of the dedication or which exclude public control of the property.

■ *City of Camdenton* might be applicable if the Association were attempting to restrict the accessibility of the streets to members of the public who are not residents of the subdivision, but that is not the case here. The Indenture of Trust and Restrictions is a contract to which each homeowner becomes a party when acquiring property in the subdivision. *Kauffman v. Roling*, 851 S.W.2d 789 (Mo.App.1993) [1, 2]. By acquiring the property the owners agree to the terms of the restrictive covenants contained in the Indenture. It is agreed by the parties that persons residing in property in the subdivision are equally bound. The Association is seeking enforcement of the promises contained within the Indenture to which defendants have agreed. Defendants agreed that they would not park a truck regularly on the streets of the subdivision. They have breached that agreement and have insisted on their right to do so in the future. An injunction was the proper remedy to prevent such actions in the future.

W. Bevis Schock, St. Louis, for defendants/appellants.

Marvin J. Nodiff, Elia M. Ellis, Marvin Nodiff & Associates, P.C., St. Louis, for plaintiff/respondent.

Thomas G. Brackman, Brackman & Associates, P.C., Anthony J. Soukenik, Padberg, McSweeney, Slater, Merz & Graham, P.C., St. Louis, for amicus curiae Community Associations Institute ("CAI").

GERALD M. SMITH, Judge.

Defendants, Puckett and Schallert, appeal from a summary judgment granting plaintiff, Maryland Estates Homeowners' Association, an injunction prohibiting defendants from parking Schallert's truck in their driveway and on the streets of the subdivision. We affirm.

Puckett is the owner of a home in the Maryland Estates subdivision. Schallert resides with Puckett. Schallert owns a one ton truck which he parks either in the driveway

■ The court awarded the Association attorney's fees in the amount of $3000. Defendants challenge that award on appeal. Attorney's fees may be awarded to a successful litigant where provided for by contract. *Harris v. Union Electric Company,* 766 S.W.2d 80 (Mo.banc 1989) [5]. The Indenture, a contract, provides for such an award. The court properly made the award. We need not address the issue briefed by the defendants that the language of the Indenture authorizes an attorney's fee award whether the Association wins or loses and that such a provision is against public policy. Here the Association won.

Judgment affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.